Doe, on the Demise of Gardner, *v.* Vandewater.

A conveyance of land, certified to be acknowledged before a notary public of one county "under his hand and seal," may be admitted to record in another county in which the land lies.

Such conveyance, if recorded, may be proved by the record book, when the person offering the evidence is not a party to the conveyance and has not the control of it.

*Tuesday,
December* 12.
APPEAL from the *Whitley* Circuit Court.

Dewey, J.—On the trial of an action of ejectment, the defendant produced the record of deeds for *Whitley* county, and offered to read therefrom, as evidence to the jury, the copy of a deed from the lessor of the plaintiff, conveying to a third person the land in controversy, which was situate in that county. The copy purported to be the copy of a deed, acknowledged before a notary public of *Allen* county, "under his hand and seal." The evidence was objected to, but admitted by the Court. Verdict and judgment for the defendant.

It is urged against the legality of the testimony, that the deed was not properly admitted to record in *Whitley* county, for the following reasons; first, because the notary did not certify that the seal affixed to the authentication of the acknowledgment of the deed was his "notarial seal;" and, secondly, because his official character was not attested by the clerk of the Circuit Court of *Allen* county, under the seal of that Court.

These objections are without foundation. A notary public has the same power to take acknowledgment of deeds, which a justice of the peace possesses; "and his certificate and attestation, with his official seal, shall be taken in all cases to be of equal verity and validity with the certificate, attesta-

tion, and seal of the clerk of a Circuit Court." R. S. 1838, pp. 420, 421. The seal, which the notary attached to his authentication of the acknowledgment of the deed, and which he certified to be his seal, must be presumed to be his official or notarial seal; and his certificate and seal needed no support from the attestation and seal of the clerk of the Circuit Court, as they are placed by the statute on the same footing with these. The deed was properly admitted to record in *Whitley* county; and as the defendant was no party to, and cannot be presumed to have had the control of it, the record was admissible evidence without farther proof of the execution of the deed. *Bowser* v. *Warren*, 4 Blackf. 522.

*Per Curiam.*—The judgment is affirmed at the costs of the lessor.

*H. Cooper*, for the appellant.

*W. H. Coombs*, for the appellee.